In the Matter of RICHARD MELVYN SHERMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 20, 1987

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Robert P. Guido* of counsel), for petitioner.

*Polstein, Ferrara & Campriello (Robert Polstein* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on October 24, 1973. The respondent was charged in this proceeding with 23 charges of professional misconduct which were admitted by respondent and sustained by the Special Referee. The petitioner moves to confirm the report of the Special Referee and the respondent submits an affirmation in response.

The charges herein included six allegations of neglecting clients' matters while engaging in conduct involving, *inter alia,* dishonesty, fraud, deceit and misrepresentation, 13 allegations of neglecting clients' matters, coupled with the conversion of clients' funds totaling approximately $55,000, failing to maintain proper bank records and bookkeeping records as required by the rules of this court, wrongfully merging his law practice with a collection agency, engaging in direct mail advertising in violation of the rules of this court, and failing to cooperate with the petitioner Grievance Committee in its investigation of complaints of misconduct.

While the respondent admitted the truth of each allegation set forth in the 23 charges, he nevertheless testified regarding certain mitigating circumstances detailing the nature of the severe personal and medical problems confronting him at the time of the misconduct.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Special Referee. The respondent is guilty of all of the misconduct set forth above. The petitioner's motion to confirm the report of the Special Referee is granted. In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating factors advanced by the respondent. Nevertheless, the respondent should be, and hereby is, disbarred, and the clerk of the court is directed to strike his name from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.